**Tamara DEMIDOVA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70361.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2006.*

Filed Dec. 11, 2006.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suit-

Elena E. Tsiprin, Esq., Law Offices of Elena E. Tsiprin, Bellevue, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Deborah N. Misir, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, GRABER, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Tamara Demidova, a native of the former Soviet Union and citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the BIA streamlined the case and issued a decision without opinion, we review the IJ's opinion. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003) (as amended). We review de novo questions of law. *Chavez–Perez v. Ashcroft,* 386 F.3d 1284, 1287 (9th Cir.2004). We review for substantial evidence the IJ's factual findings. *Ramos–Vasquez v. INS,* 57 F.3d 857, 861 (9th Cir.1995).

Demidova was born and raised in Latvia. After the independence of Latvia, she applied for and obtained Russian citizenship. She claims that she experienced hostile treatment and discrimination aimed at Russians in Latvia. After losing her job in Latvia, Demidova traveled between Latvia and Russia on business trips before

_____

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

entering the United States on a visitor's visa.

Demidova sought asylum, withholding of removal, and protection under the CAT based on her claim of past persecution in Latvia. When she declined to designate her country of removal, the IJ designated Russia, Demidova's country of citizenship. In support of her application for asylum, Demidova initially submitted background materials relating only to Latvia. Because she would be removed to Russia, however, the IJ deemed these materials to be irrelevant. Demidova was given an opportunity to submit additional materials relating to Russia, and she did so before the hearing was held.

The IJ found Demidova credible but denied her application for asylum and withholding of removal, because Demidova had demonstrated neither past persecution nor a well-founded fear of persecution in Russia. The IJ also denied relief under the CAT.

Demidova contends that the IJ erred in not considering her asylum claim with respect to Latvia. She argues that she will suffer economic hardship in Russia or be deported to Latvia from Russia because she will not be able to obtain the local residency permit required to live in certain parts of Russia. She does not challenge the denial of withholding of removal and relief under the CAT.

■ The IJ did not err in declining to consider Demidova's claim of past persecution in Latvia. To be eligible for asylum, the alien must be a refugee. 8 U.S.C. § 1158(b)(1)(A). A "refugee" is:

[A]ny person who is outside any country of such person's nationality ... who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).

Russia, being Demidova's country of citizenship, is her country of nationality. *See Wong v. Ilchert,* 998 F.2d 661, 663 (9th Cir.1993) (holding that the alien was "a national of Hong Kong because he entered [the U.S.] upon its passport"). Accordingly, the IJ did not err in considering Demidova's claim of asylum only with respect to Russia.

■ Substantial evidence supports the IJ's finding that Demidova failed to establish past persecution or a well-founded fear of persecution in Russia. The only basis upon which Demidova feared being sent to Russia was the difficulty she might experience in finding a place to live or work without a local residency permit. However, "mere economic disadvantage alone does not rise to the level of persecution." *Gormley v. Ashcroft,* 364 F.3d 1172, 1178 (9th Cir.2004).

**PETITION DENIED.**